IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DOUG HAGOOD and CAREY MOORE )
on behalf of themselves and all others )
similarly situated, )
     )
       Plaintiffs, )     No: 3:02-0226
     )
v. )
     )
CITY OF LEBANON, TENNESSEE, )
     )
       Defendant/Third Party Plaintiff )
     )
v. )
     )
MIDDLE TENNESSEE ELECTRIC )
MEMBERSHIP CORPORATION; )
and BELLSOUTH )
TELECOMMUNICATIONS, INC. )
     )
       Third Party Defendants )

## MEMORANDUM

Pending before the Court is the plaintiffs' motion for attorney fees, expert witness fees and

costs[1] incurred through December 1, 2004 (Docket Entry No. 105), to which the defendant filed a

response (Docket Entry No. 119) and the third-party defendant filed a response (Docket Entry

No. 118).[2] Also before the Court is the plaintiffs' supplemental motion for attorney fees incurred

---

[1]Although the motion is entitled a motion for fees, expert fees, and costs, the plaintiffs have
not sought costs except expert fees.

[2]In its response, third-party defendant Middle Tennessee Electric Membership Corporation
objects to the approval of any fees because the third-party defendant has not been a party to the
settlement between the plaintiffs and the defendant and the defendant "may attempt to place some
of the attorney's fees it is agreeing to pay the Plaintiffs onto MTEMC pursuant to the Third-Party
Complaint." Docket Entry No. 118, at 2. The third-party defendant has not persuaded the Court that
there is any reason not to approve fees to plaintiffs' counsel, although the third-party defendant may
raise this argument at a later time if appropriate.

since December 1, 2004 (Docket Entry No. 125), to which the defendant filed a response (Docket Entry No. 129).[3] On April 15, 2005, the Court held a hearing to address these motions.

## I.  BACKGROUND

The plaintiffs in this class action suit are individuals with physical impairments who either live or work in the City of Lebanon, Tennessee.  The plaintiffs filed this action on March 6, 2002, alleging that the defendant failed to comply with the requirements of Title II of the Americans with Disabilities Act of 1990 ("ADA") and with the Rehabilitation Act of 1973.

On December 13, 2002, the parties submitted a draft of an interim settlement agreement. Docket Entry No. 27.  A settlement conference was held before Magistrate Judge Brown on February 20, 2003.  See Docket Entry No. 29.  During the conference, various disputed issues in the draft interim settlement agreement were resolved, with the exception of issues concerning prevailing parties and fees and expenses.  See id.  By order entered February 24, 2003 (Docket Entry No. 29), the parties were directed to submit a final interim settlement agreement on or before March 21, 2003.  In accord with that order, the parties filed a final interim settlement agreement on March 21, 2003 (Attachment to Docket Entry No. 37).

On April 30, 2003, the plaintiffs filed a motion to be declared prevailing party and for payment of interim attorney fees and costs (Docket Entry No. 44).  By order entered December 4, 2003 (Docket Entry No. 80), the Court denied the plaintiffs' motion, finding that the plaintiffs were

---

[3]The Court notes that the plaintiffs did not file replies to address any of the objections raised by the defendant in its responses.

Case 3:02-cv-00226   Document 130   Filed 08/12/05   Page 2 of 12 PageID #: 2

not, at that point, the prevailing party, but that, should the plaintiffs be found to be a prevailing party at a later date, reasonable attorney fees and costs would be considered.

On May 11, 2004, the plaintiffs filed a motion for out-of-state counsel J. Mark Finnegan and Denise M. Heberle to be admitted to practice before this Court. Docket Entry No. 88. After the payment of the pro hac vice fees, the Court granted the motion by order entered December 9, 2004, this motion was granted (Docket Entry No. 100).

On June 14, 2004, the Court entered a consent decree and partial settlement between the plaintiffs and the City of Lebanon. Docket Entry No. 92. On January 10, 2005, the parties filed a notice of filing of a final consent decree for approval by the Court. Docket Entry No. 104. On January 18, 2005, the Court entered a final consent decree. Docket Entry No. 111.

The parties do not dispute that the plaintiffs are entitled to attorney fees under 42 U.S.C. § 12205. In fact, the defendants, without objection, have already paid $20,000.00 in fees to the out-of-state counsel, and $4,818.40 to a paralegal for the out-of-state counsel. See Docket Entry No. 112. What is in dispute, however, is the reasonableness of the hourly rates and billing entries of the plaintiffs' attorneys K. Cody Allison and J. Todd Faulkner, and the expert costs of D. S. Jernigan & Associates, Inc.

K. Cody Allison provided the Court with adequately detailed billing records[4] for 333 hours he spent on the case from its inception until December 1, 2004 (see Docket Entry No. 106), and 28.7 hours spent from December 1, 2004, to the present (see Docket Entry No. 126). This total of 361.7 hours in fees, at Allison's current rate of $170.00 per hour, equates to $61,489.00.

J. Todd Faulkner provided the Court adequately detailed billing records for 151.2 hours he spent on the case from its inception until December 1, 2004 (see Docket Entry No. 106), and 7.7 hours spent from December 1, 2004, to March 28, 2005 (see Docket Entry No. 127). This total of 158.9 hours, at Faulkner's current rate of $170.00 per hour, equates to $27,013.00.

## I. DISCUSSION

Attorneys' fees must be reasonable, that is, the fees must be "adequately compensatory to attract competent counsel" without producing a windfall for lawyers. Reed v. Rhodes, 179 F.3d 453, 471 (6th Cir. 1999) (citing Blum v. Stenson, 465 U.S. 886, 893, 897, 79 L. Ed. 2d 891, 104 S. Ct. 1541 (1984)).

The starting point for calculating a reasonable attorney fee award is the "lodestar" amount, which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his reasonable hourly rate. Adcock-Ladd v. Secretary of Treasury, 227 F.3d 343, 349 (6th Cir.

---

[4]While the defendant objects to a majority of the plaintiffs' attorneys billing entries on the grounds of vagueness, the Supreme Court has held that counsel "is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures." Hensley v. Eckerhart, 461 U.S. 424, 437 n.12, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983). Upon examination by the Court, counsel has met this standard.

Case 3:02-cv-00226    Document 130    Filed 08/12/05    Page 4 of 12 PageID #: 4

2000) (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed.2d 40 (1983)). If the documentation of hours claimed by an attorney is inadequate, the court may reduce the award accordingly. Hensley, 461 U.S. at 433, 103 S. Ct. at 1939. The Supreme Court has instructed district courts to exclude fees that were not "reasonably expended," such as fees due to overstaffing or redundancy of work. Id. at 434, 103 S. Ct. at 1939.

Once the court determines the fee applicant's lodestar, the court must consider other factors relevant to the reasonableness of any fee award. The factors identified by the Supreme Court are: (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Hensley, 461 U.S. at 430 n.3, 103 S. Ct. at 1937 n.3 (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)). It is within the court's discretion to attempt to identify specific hours that should be eliminated or to simply reduce the award to account for the limited success. 461 U.S. at 436-37, 103 S. Ct. at 1941.

A. Reasonable Hourly Rates

To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as "the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court." Geier v. Sundquist, 372 F.3d 784, 791 (6th Cir. 2004);

<u>Adock-Ladd</u>, 227 F.3d at 350. Current reasonable hourly rates are used to calculate attorney fees. <u>See</u> <u>Barnes v. City of Cincinnati</u>, 401 F.3d 729 (6th Cir. 2005). While the Sixth Circuit previously ruled that a court should apply the current market rate for an attorney with the experience the plaintiffs' attorney <u>had at the time of the litigation</u>, <u>see</u> <u>Harper v. BP Exploration & Oil, Inc.</u>, 2001 U.S. App. LEXIS 1084 (6th Cir. Jan. 22, 2001), the opinion in <u>Harper</u> is unpublished and is not binding precedent. Furthermore, when addressing the issue of reasonable hourly rates being based upon current market rates, no published Sixth Circuit opinion has even mentioned a standard of the current market rate being that of an attorney with his experience at the time of the litigation. <u>See</u> <u>Isabel v. City of Memphis</u>, 404 F.3d 404 (6th Cir. 2005); <u>Adock-Ladd v. Secretary of Treasury</u>, 227 F.3d 343, 349 (6th Cir. 2000); <u>Granzeier v. Middleton,</u> 173 F.3d 568 (6th Cir. 1999).

The plaintiffs' attorneys, J. Todd Faulkner and K. Cody Allison, currently charge clients $170.00 per hour. In their affidavits (<u>see</u> Docket Entry No. 106), they claim that attorneys practicing in this District for fewer than ten years normally charge between $150.00 and $200.00 per hour.

The defendant disputes that attorneys practicing in this District fewer than ten years normally charge between $150.00 and $200.00 per hour. Docket Entry No. 119, at 7. Citing <u>Brother v. Miami Hotel Investments, Ltd.</u>, 341 F. Supp. 2d 1230 (S.D. Fla. 2004), the defendant argues that the reasonable hourly rate of attorneys with five years of experience should range from $125.00 to $160.00 per hour.[5] Specifically, the defendant contends that the rates of Faulkner and Allison should receive $125.00 per hour for their work on this case.

---

[5]The Court notes that in <u>Harper</u>, the District Court reduced the hourly rate from $180.00 to $150.00 per hour for a Nashville lawyer who had been admitted to practice in 1990, in a case filed in 1993, judgment on the merits entered in 1996, and affirmed on appeal in 1998. <u>See</u> <u>Harper</u>, 2001 U.S. App. LEXIS 1084 (6th Cir. Jan. 22, 2001).

6

To support their position, the plaintiffs' attorneys submitted their own affidavits and the affidavit of Thomas Bowers, an attorney with experience in this District (see Docket Entry No. 107). While this certainly is not an abundance of proof, the only support the defendant gives the Court to support its position is Brother, a case from the United States District Court in the Southern District of Florida, in addition to its speculation that the $125.00 to $160.00 per hour "range of hourly fees also applies to litigation in this [Court.]" Docket Entry No. 119, at 7. Since reasonable hourly rates are judged by the rate that lawyers of comparable skill and experience can reasonably expect to command "within the venue of the court of record," this Court does not find hourly rates of attorneys in the Southern District of Florida to be particularly relevant or helpful.

Mr. Faulker has practiced law since October of 1999. See Docket Entry No. 106, affidavit of J. Todd Faulkner. Mr. Allison has practiced law since October of 2000. See id, affidavit of K. Cody Allison. Both attorneys have been involved in obtaining consent decrees in two similar cases, Wheel Me On, et al. v. City of Clarksville, 3:02-1082 (M.D. Tenn), and Oliver v. City of Jackson, 1:03-1021 (W.D. Tenn.).

Although the defendant objects to the rates requested by the plaintiffs, it has not presented any evidence to contradict the plaintiffs' affidavits or to indicate that these rates are not reasonable for this type of litigation. On review of the record and in light of the relative experience of each of the plaintiffs' attorneys, the court finds that the rates requested are reasonable.


B. Reasonable Amount of Hours

The defendant argues that plaintiffs' counsel has used this case as a "fee-generating mill" to indiscriminately run up an excessive number of hours by duplicating work, meeting in long

7

attorney conferences, and spending excessive amounts of time in an effort to run up the hours on this case.  See Docket Entry No. 119, at 10.  The Court finds, however, that a majority of the hours billed by plaintiffs' attorneys were reasonable.  Nevertheless, the Court has carefully examined each of the defendant's objections and finds that some of the hours claimed were excessive, unnecessary and/or duplicative.  Therefore, the following reductions are made:

| HOURS CLAIMED | DEDUCTION | ATTORNEY | ENTRY |
| --- | --- | --- | --- |
| 4.4 hours | 2.2 hours | KCA | 1/10-12/02; review of federal procedure |
| 8.1 hours | 7.0 hours | KCA | 4/5/02; travel to and from Memphis |
| 8.1 hours | 7.0 hours | JTF | 4/5/02; travel to and from Memphis |
| 3.0 hours | 2.0 hours | KCA | 4/11-12/02; review defendants answer |
| 3.4 hours | 2.0 hours | KCA | 6/18/02; review of timelines |
| 3.4 hours | 2.0 hours | JTF | 6/18/02; review of timelines |
| 2.0 hours | 1.0 hour | KCA | 8/19/02; meeting re: time table |
| 2.0 hours | 1.0 hour | JTF | 8/19/02; meeting re: time table |
| 2.0 hours | .5 hour | KCA | 8/20/02; meeting re: time table; discussion about consent decree |
| 2.0 hours | .5 hour | JTF | 8/20/02; meeting re: time table; discussion about consent decree |
| 3.4 hours | 1.4 hours | KCA | 10/19/02; meeting re: interim settlement |
| 3.4 hours | 1.4 hours | JTF | 10/19/02; meeting re: interim settlement |
| 3.0 hours | 1.0 hour | KCA | 10/23/02; meeting re: interim settlement |
| 3.0 hours | 1.0 hour | JTF | 10/23/02; meeting re: interim settlement |
| 1.5 hours | 1.5 hours | KCA | 10/31/02; review of 3rd pty complaint |
| 1.2 hours | .7 hours | KCA | 10/31/02; review of memo in support of motion to file 3rd pty complaint |
| 5.6 hours | 2.0 hours | KCA | 11/7/02; Metro Nashville meeting |
| 5.6 hours | 2.0 hours | JTF | 11/7/02; Metro Nashville meeting |
| .4 hour | .1 hour | KCA | 11/20/02; re: calendar for mediation |
| .4 hour | .1 hour | JTF | 11/20/02; re: calendar for mediation |
| .8 hour | .8 hour | KCA | 2/24/03; attorney fees motion |
| .8 hour | .8 hour | JTF | 2/24/03; attorney fees motion |
| .8 hour | .8 hour | KCA | 3/6/03; attorney fees motion |

8

| | | | |
|---|---|---|---|
| 2.9 hours | 2.5 hours | KCA | 4/7/03; review of consent and 3rd pty. filing |
| 3.0 hours | 3.0 hours | JTF | 4/15/03; research attorney fee/prevailing party motion |
| 4.0 hours | 4.0 hours | JTF | 4/20/03; attorney fee/prevailing party motion |
| 1.2 hours | 1.0 hour | KCA | 5/8/03; review of motion to extend time |
| 1.5 hours | 1.0 hour | KCA | 5/12/03; review of response |
| 2.5 hours | 2.5 hours | KCA | 5/30/03; research for reply to attorney fees motion on prevailing party |
| 1.5 hours | 1.5 hours | JTF | 5/30/03; research on prevailing party |
| 2.0 hours | 1.5 hours | KCA | 8/14/03; review 3rd pty. response |
| 1.0 hour | .5 hour | KCA | 8/26/03; review 3rd pty. motion |
| 1.0 hour | .5 hour | KCA | 9/5/03; review 3rd party response |
| 1.0 hour | .5 hour | KCA | 9/18/03; review 3rd party motion |
| .4 hour | .3 hour | KCA | 9/23/03; review 3rd party reply |
| .4 hour | .3 hour | JTF | 9/23/03; review 3rd party reply |

Some of the above reductions were made because the hours claimed were duplicative or excessive. Some of the reductions were made because they appear to have been unnecessary. For example, plaintiffs' counsel billed a total of 16.2 hours in traveling to Memphis. Plaintiffs' counsel explained that they traveled to Memphis to review "Western District Court file from Metro Nashville and Memphis City ADA suit." Attachment to Docket Entry No. 106, at 2; Attachment to affidavit of K. Cody Allison (undocketed), at 3. The defendant argues that it was unnecessary for one lawyer and unwarranted for two lawyers to travel to Memphis to review the file.

At the hearing, plaintiffs' counsel explained that they had attempted to check out the file and/or have it sent to them, but the officials in the Western District of Tennessee did not allow them to do so. The Court is not persuaded that counsel would not have ultimately been successful if they had persevered in such a request or that, upon review of a docket sheet, they could not have retrieved certain documents either from the Clerk's Office or from other sources. Without further support for the necessity of both lawyers traveling back and forth to Memphis, the Court has reduced the 16.2

9

hours spent by both attorneys on this endeavor to a total of 2.2 hours for both attorneys, which the Court estimates would equate to the time actually spent reviewing the file. The Court notes that counsel do not distinguish between travel time and time actually spent in Memphis reviewing the file. However, it is unlikely that they could have driven back and forth to Memphis in less than 3.5 hours each way.

Some of the reductions were made to time spent relating to the third-party complaint. Although the defendant argues that virtually no time should be compensated for plaintiffs' counsel's review of any filings related to third-party complaint, the Court finds that some time is appropriate, although not as much as the plaintiffs seek. For example, Mr. Allison lists 1.5 hours in reviewing the motion for leave to file the third-party complaint (Docket Entry No. 19). That motion was four lines long. Any review of the motion itself could not have taken more than a de minimus amount of time. Separate entries were made relating to review of the three-page memorandum in support.

The Court has also eliminated all other hours billed relating to the attorneys' fees motion. The issue of fees incurred in preparing attorney's fees motions is addressed below.

The Court has deducted a total of 33.3 hours from the 333 hours billed by Mr. Allison and a total of 24.6 hours from the 151.2 hours billed by Mr. Faulkner prior to December 1, 2004. However, as evidenced by their supplemental filing (Docket Entry No. 125), Mr. Allison billed an additional 5.8 hours for work unrelated to attorney's fees, while Mr. Faulkner billed an additional hour in work unrelated to attorney's fees. Thus, the Court will allow Mr. Allison 305.5 hours at $170.00 per hour, which equates to $51,935.00 in fees, and Mr. Faulkner 127.6 hours at $170.00 per hour, which equates to $21,692.00 in fees.

The plaintiffs' attorneys are also entitled to recover additional fees incurred in preparing and arguing their motion for attorney fees and costs. Coulter v. Tennessee, 805 F.2d 146, 151 (6th Cir. 1986), cert. denied, 482 U.S. 914, 96 L. Ed. 2d 674, 107 S. Ct. 3186 (1987). In Coulter, the Sixth Circuit developed a general formula for determining the maximum amount a prevailing party may recover as a fee award for preparation of the motion for fees, explaining that "the legislative intent behind attorney fee statutes . . . was to encourage lawyers to bring successful civil rights cases, not successful attorney fee cases." Id. The Court, therefore, upheld the District Court's decision to award approximately three percent of the hours allowed for preparing and litigating the case, without a trial, and five percent of the total hours spent on the case, with a trial, unless unusual circumstances compel otherwise. Id. These limitations, the Court explained, are necessary to ensure that the fee awarded will not be out of proportion to the fees awarded for the substantive part of the case or encourage protracted litigation on attorneys fees.[6] Id.; See also Anglo-Danish Fibre Indus., Ltd. v. Columbian Rope Co., 2003 WL 223082 *6 (W.D. Tenn. Jan. 28, 2003). Based on the reasoning in Coulter, Mr. Allison is also entitled to $1558.05 (3% of $51,935.00) in fees stemming from the preparation of his attorney fees motion, and Mr. Faulkner is entitled to $650.76 (3% of $21,692.00).

The plaintiffs seek $6,555.00 in expert fees for Darren Jernigan. In its response, the defendant points out that the plaintiffs had not provided Mr. Jernigan's qualifications or his CV, and that Mr. Jernigan's invoice entries were vague and without sufficient detail. However, on February 16, 2005, the plaintiffs submitted Mr. Jernigan's affidavit (Docket Entry No. 121) and

---

[6]Although there are unusual circumstances under which a departure from the Coulter guidelines are warranted, see, e.g., Gross v. Perrysburg Exempted Village Sch. Dist., 306 F. Supp. 2d 726, 742-43 (N.D. Oh. 2004), no such circumstances are apparent in this case.

11

attached curriculum vitae. The Court finds that the fees charged and work performed by Mr. Jernigan in this case were reasonable, and are approved.

Therefore, K. Cody Allison is awarded $53,493.05 in fees, J. Todd Faulkner is awarded $22,342.76 in fees, and the plaintiffs are awarded $6,555.00 in expert witness fees.

A separate order will enter.

JULIET GRIFFIN
United States Magistrate Judge